UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Robbin Roberts,

              Plaintiff,

vs.

Shannon Kathleen Riley
and County of Hennepin,

              Defendant.

File No. 12-cv-1735 (SRN/TNL)

**PROTECTIVE ORDER**

---

This matter comes before the Court on the parties' Stipulation for Protective Order (Docket No. 8). In accordance with this stipulation, this Court issues the following order:

1. As used in the Protective Order, these terms have the following meanings:

   "Attorneys" means counsel of record;

   "Confidential" documents are documents designated pursuant to paragraph 2;

   "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

   "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

   "Written Assurance" means an executed document in the form **attached as to the parties' Stipulation (Docket No. 8) as Exhibit A**.

2. A Party may designate a document "Confidential", to protect information within the scope of Fed. R. Civ. P. 26(c). The designation of such information must be in writing. However, until designated as confidential, the information may be used and disclosed by the parties to whom they are disclosed without the restrictions imposed by

this order.

3. In accordance with the stipulation, Plaintiff Robbin Roberts has authorized Defendant Hennepin County to release his private data, as defined by the Minnesota Government Data Practices Act, Minn. Stat. Ch. 13, to all parties in this action, in connection with this action and subject to this order.

4. In accordance with the stipulation, Defendant Shannon Riley has authorized Defendant Hennepin County to release her private data, as defined by the Minnesota Government Data Practices Act, Minn. Stat. Ch. 13, to all parties in this action, in connection with this action and subject to this order.

5. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 6. Any other use is prohibited.

6. Access to any Confidential document shall be limited to:

(a) the Court and its staff;
(b) Attorneys, their law firms, and their Outside Vendors;
(c) persons shown on the face of the document to have authored or received it;
(d) court reporters retained to transcribe testimony;
(e) the parties, and regular employees of the parties who are assisting in the supervision or conduct of this action;
(f) outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to furnish technical or expert services, and/or to give testimony in this action.

7. Third parties producing documents in the course of this action may also designate documents as "Confidential", subject to the same protections and constraints as the parties to the action.  A copy of the Protective Order shall be served along with any subpoena served in connection with this action.  All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

8. Each person appropriately designated pursuant to paragraph 6(f) to receive Confidential information shall execute a "Written Assurance" in the form **attached as to the parties' Stipulation (Docket No. 8) as Exhibit A**.

9. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents.  Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript.  Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript.  The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

10. Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents.  Any party receiving such improperly-

designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

11. If a party files a document containing "Confidential" information with the Court, **the document shall be filed both (1) on the public docket, redacting the "Confidential" information,** *and* **(2) under seal with the Clerk of Court in compliance with the applicable local rules governing the filing of such information. Counsel shall provide the Court with two courtesy copies of the unredacted documents with the redacted information highlighted in yellow.  For purposes of this Order, the sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged.  No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are compelling reasons to do so.  Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary.**  Prior to disclosure at trial or a hearing of materials or information designated "Confidential", the parties may seek further protections against public disclosure from the Court.

12. Any party may request a change in the designation of any information designated "Confidential".  Any such document shall be treated as designated until the change is completed.  If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may

be affected.  The party asserting that the material is "Confidential" shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

13.	Upon the expiration of 60 days from the final determination of this action, counsel of record for any party may make a written demand to any other party to either destroy or return to the demanding party all documents designated by the demanding party as "Confidential", and all copies of such documents, and to destroy all extracts and/or data taken from such documents.  Upon request of such written demand, a party shall provide a certification as to such return or destruction within 60 days.  However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

14.	Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15.	No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16.	The obligations imposed by the Protective Order shall survive the termination of this action.

**17. Nothing in this order shall be construed to affect in any way any party's right to object to the admissibility of any document, testimony, or other evidence at trial.**

**18. All prior consistent orders remain in full force and effect.**

**19. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.**

**IT IS SO ORDERED.**

Dated: August __31__, 2012          *s/ Tony N. Leung*
                                    Tony N. Leung
                                    United States Magistrate Judge
                                    for the District of Minnesota

*Roberts v. Riley*
File No. 12-cv-1735 (SRN/TNL)